IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC | § § | |
| v. | § § | No. 6:12-CV-237 |
| XEROX CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant Xerox Corporation's objections to and appeal of the magistrate judge's order denying transfer (Doc. No. 57). Having considered the parties' briefing, the record in this case, and the applicable law, it is **ORDERED** that the objections to the order denying transfer are **OVERRULED.**

I.  Background

Plaintiff U.S. Ethernet Innovations, LLC (USEI) is a Texas limited liability company with a principal place of business in Tyler, Texas. Plaintiff filed this suit against Defendant Xerox Corporation (Xerox) alleging infringement of the following U.S. Patents: No. 5,732,094; No. 5,434,872; No. 5,307,459; No. 5,530,874; and No. 5,299,313.

Defendant is a New York Corporation with a principal place of business in Norwalk, Connecticut. The products that Plaintiff accuses of infringement include components that are supplied by third parties, including Broadcom Corporation.

II.  Standard of Review

A motion to transfer venue is a non-dispositive motion under this Court's local rules. CV–7(a)(2). If a party objects to a magistrate judge's decision on a non-dispositive motion, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The district judge applies a "clearly erroneous" standard to the magistrate judge's factual conclusions, a "contrary to law" standard to his legal conclusions, and an "abuse of discretion" standard to the "numerous instances in which magistrate judges exercise discretion in resolving nondispositive matters." *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996).

The Court "has wide discretion to determine whether to transfer for the convenience of parties and in the interest of justice." *Weber v. Coney*, 642 F.2d 91, 93 (5th Cir. Unit A Mar. 1981) (per curiam). "An abuse of discretion exists only when there is definite and firm conviction that the [magistrate judge] committed clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994)).

### III. Legal Standard for Transfer of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A threshold inquiry is whether suit "might have been brought" in the proposed transferee venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (hereinafter *Volkswagen II*). Once a defendant satisfies that burden, the Court weighs the *Gilbert* factors to determine if transfer is warranted. *Volkswagen II*, 545 F.3d at 314 n.9; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947) (listing the relevant factors). The moving party must show good cause by demonstrating the transferee venue is clearly more convenient. *Volkswagen II*, 545 F.3d at 315.

The *Gilbert* factors are divided between private and public interests. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (internal quotation marks omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (internal quotation marks omitted). These factors are not exhaustive, and no single factor is dispositive. *Id.*

### IV. Discussion

Defendant makes two general challenges to the magistrate judge's order. First, Defendant argues that the magistrate judge erred in not transferring the case despite finding that all of the factors either weighed in favor of transfer or were neutral (Doc. No. 57 at 1–2). Second, Defendant argues that the magistrate judge improperly weighed some of the factors, either by not weighing them heavily enough or by determining that they were neutral. Plaintiff argues that the magistrate judge did not err in the amount of weight attributed to each factor or the overall balancing of the factors (Doc. No. 60 at 6–9).

After reviewing the parties' arguments and the magistrate judge's order, the Court makes two slight modifications to the magistrate judge's conclusions on two private interest factors: the cost of attendance of willing witnesses and all other practical problems. However, the Court agrees with the magistrate judge that the overall balance of the private factors remains neutral.

### A. Cost to Willing Witnesses

The magistrate judge found that this factor slightly favors transfer. Upon review, the Court finds that this factor is neutral. The magistrate judge concluded that nine witnesses live in the transferee district, three live in Texas, and four live in Boston, Massachusetts. Although more witnesses reside in the transferee district than in this district, the four witnesses in Boston are much closer to this district. Thus, the transfer forum is more convenient for nine witnesses, while this district is more convenient for seven witnesses. As such, regardless of where this case is tried, a relatively equal number of willing witnesses will be inconvenienced. Accordingly, this factor is effectively neutral.

### B. Other Practical Problems

The magistrate judge concluded that the retirement of two judges in the transferee district who had experience with the patents in suit rendered this factor neutral. After examining "all other practical problems that make trial of a case easy, expeditious and inexpensive," the Court determines that this factor slightly favors transfer. The magistrate judge observed that several of the patents in suit were the subject of litigation in the Northern District of California. Specifically, Northern District of California Judge Vaughn Walker presided over litigation, including a 2008 trial, involving two of the patents in suit.[1] That case closed in 2008, and Judge Walker retired before this case was filed. Additionally, this Court previously transferred two cases involving several of the patents in suit to the Northern District of California.[2] Those cases

---

[1] *See 3COM Corp. v. D-Link Sys., Inc.*, No. 3:03-CV-2177 (N.D. Cal. Sept. 12, 2008).
[2] *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 4:10-CV-3724, Doc. No. 310 (N.D. Cal. July 13, 2010); *U.S. Ethernet Innovations, LLC v. AT&T Mobility, LLC*, No. 4:10-CV-5254, Doc. No. 178 (N.D. Cal. Oct. 27, 2010).

were assigned to Judge James Ware, who entered a claim construction order in January 2012. Judge Ware retired after this case was filed.

In its objections, Defendant argues that the interests of judicial economy favor transfer because the Northern District of California has experience with litigation involving the patents in suit (Doc. No. 57 at 8).

In response, Plaintiff argues that the only judges in the Northern District of California familiar with the patents in suit have retired (Doc. No. 60 at 5). Plaintiff also argues that this Court has gained familiarity with the technology because of recent activity in related cases in this Court. Additionally, Plaintiff argues that this Court will become familiar with the technology because there are several related cases pending before the Court, some of which have already proceeded to claim construction.

The Court finds that this factor slightly favors transfer because a court properly considers "any judicial economy benefits which would have been apparent at the time the suit was filed." *In re EMC Corp.*, 501 F. App'x at 976. "[A] district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.* (citing *In re Vistaprint, Ltd.*, 628 F.3d 1342, 1346–47 & n.3 (Fed. Cir. 2010)). Plaintiff filed its complaint on April 2, 2012. In January 2012, Judge Ware in the Northern District of California entered a claim construction order construing terms of four of the patents in suit. *U.S. Ethernet Innovations, LLC v. AT&T Mobility, LLC*, No. 4:10-CV-5254, Doc. No. 331 (N.D. Cal. Jan 31, 2012).[3] Accordingly, at the time this case was filed,

---

[3] Judge Ware retired in August 2012 and the case was assigned to another judge in September 2012. *U.S. Ethernet Innovations, LLC v. AT&T Mobility, LLC*, No. 4:10-CV-5254, Doc. No. 381 (N.D. Cal. Sept. 5, 2012). According to the magistrate judge, Judge Ware announced his retirement after this case was filed. Thus, Judge Ware's retirement was not a judicial economy consideration "which would have been apparent at the time the suit was filed." *In re EMC Corp.*, 501 F. App'x at 976.

this Court had relatively less familiarity with the technology than the Northern District of California.

Thus, this factor slightly favors transfer.

### C. Balance of Factors

Only three factors slightly favor transfer. The remaining factors are neutral. Defendant's burden is to show that the transferee venue is clearly more convenient. On balance, Defendant only succeeded at showing a slightly more convenient venue. Accordingly, Defendant failed to meet its burden to show that the Northern District of California is clearly more convenient. *See Volkswagen II*, 545 F.3d at 314–15.

### V. Conclusion

For the reasons discussed more fully above, it is **ORDRED** that Defendant's objections to the order denying transfer are **OVERRULED**.

**It is SO ORDERED**.

**SIGNED this 11th day of February, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE